UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Pedro Ramos,<br><br>                              Plaintiff,<br><br>             -v-<br><br>Allied Concrete Industries Inc., *et al.*,<br><br>                              Defendants. | 2:23-cv-3366<br>(NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Defendants' have filed a Motion in Limine to dismiss Plaintiff's third cause of action under New York Labor Law ("NYLL") § 195 under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (ECF No. 37.) Plaintiff has not opposed this motion. For the reasons set forth below, Defendants' Motion in Limine is granted and Plaintiff's NYLL § 195 claim, the third cause of action in the Complaint (Compl. ¶¶ 75–78), is dismissed for lack of standing under Rule 12(b)(1).

A district court properly dismisses a claim under Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015) (citation and quotation marks omitted). Article III of the Constitution "limits the federal judicial power to deciding 'Cases' and 'Controversies.'" *Soule v. Conn. Ass'n of Sch.*, 90 F.4th 34, 45 (2d Cir. 2023) (citing U.S. Const. art. III § 2). A case or controversy only exists when the plaintiff has "standing" to sue because they have "a personal stake in the outcome of the litigation." *Id.* (citing *United States v. Texas*, 599 U.S. 670

(2023)). In order to establish Article III standing, a plaintiff must show: "(1) that they suffered an injury in fact, (2) that the injury is fairly traceable to Defendants' challenged conduct, and (3) that the injury is likely to be redressed by a favorable judicial decision." *Id.* (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

The Supreme Court has clarified that where "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right," a defendant's violation of that statute does not "automatically satisf[y] the injury-in-fact requirement"; a plaintiff must still demonstrate a concrete injury caused by that statutory violation. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021). A concrete injury is one that "has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms. . . ." *Id.* at 417 (quoting *Spokeo*, 578 U.S. at 340–41).

In the context of a wage notice or wage statement claim under NYLL § 195, "a plaintiff cannot rely on technical violations of the [NYLL]" to establish an injury-in-fact "but must allege actual injuries suffered as a result of the alleged wage notice and wage statement violations." *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 305 (2d Cir. 2024) (quotation marks and alterations omitted). In order to establish such an actual injury, a plaintiff must demonstrate "some causal connection between the lack of accurate notices and [the alleged] downstream harm." *Id.* at 308. A plaintiff need not, however, establish an injury that is greater than or different from the loss of wages or overtime pay alleged in their lawsuit. *Id.* at 309. A plaintiff can establish an injury-in-fact by "show[ing] that he or she would have undertaken . . . advocacy and plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices had been provided." *Id.* at 308. A plaintiff may be able to establish a concrete injury in

2

the form of a financial harm, for example, by showing that "inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion." *Id.* at 309.

In assessing whether a claim should be dismissed for lack of standing, a court "must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). "But where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings." *Id.* (quotation marks and alterations omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The Complaint does not allege any non-conclusory downstream harm that Plaintiff suffered from Defendants' failure to provide wage statements or wage notices. The Complaint only alleges that Defendants "failed to provide Plaintiff with a proper wage notice and statements in accordance with §195 of the NYLL" and that "[a]s a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §198 of the NYLL for each week Defendants failed to provide such wage notice and statements . . . ." (Compl. ¶¶ 77–78.) These conclusory allegations are not sufficient to plead a downstream harm that is causally connected to Defendants' failure to provide wage notices or wage statements under *Guthrie*, 113 F.4th at 305. Moreover, Plaintiff has not pointed to any evidence in the record demonstrating by a preponderance of the evidence that he suffered a downstream harm due to Defendants' alleged failure to provide wage statements or wage notices. Indeed, Plaintiff has not provided any opposition to Defendants' Motion in Limine.

Accordingly, Defendants' Motion in Limine to dismiss Plaintiff's wage statement and wage notice claim (ECF No. 37) is granted and the Plaintiff's NYLL § 195 claim, the third cause of action in the Complaint (Compl. ¶¶ 75–78), is dismissed for lack of standing under Rule 12(b)(1).

Dated: Central Islip, New York
December 19, 2024

                                        */s/ Nusrat J. Choudhury*
                                        NUSRAT J. CHOUDHURY
                                        United States District Judge