F I S H E R  |  T A U B E N F E L D  LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 571-0700 ex. 102
Writer's email: michael@fishertaubenfeld.com

April 16, 2025

**VIA ECF**
Hon. Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

      Re: Ramos v. Allied Concrete Industries et al.
       Case No.: 2:23-cv-03366-ST

Dear Judge Tiscione:

  We represent Plaintiff in this action.  Plaintiff and Defendants write to respectfully request that the Court approve their settlement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss Plaintiff's claims.

  **I.**  **FACTUAL AND LEGAL BACKGROUND.**

  Plaintiff alleges that he worked as a laborer for Defendants from March 2017 until December 2020. During this time, Plaintiff consistently worked more than 40 hours per week, but asserts that Defendants failed to pay him at the required one and a half times of his standard salary for any hours he worked above 40 per week. Plaintiff alleges that he worked Mondays through Saturdays, starting his workday at 5:00 a.m. at the Defendants' location in Ronkonkoma, NY, where he and his coworkers gathered tools and received their instructions for the day. Defendants then transported Plaintiff and his coworkers a 2-hour drive away to start work at 7:00 a.m. at the job site. Plaintiff claims that he left the work site between 3:00 p.m. and 5:00 p.m. depending on the day.  Plaintiff therefore asserts that he worked overtime each week.

  Plaintiff claims that Defendants violated the FLSA and NYLL in two ways.  First, Plaintiff claims that Defendants paid Plaintiff through two companies operated by Defendants so that he never received a paycheck showing more than 40 hours a week. Defendants therefore paid Plaintiff his regular rate for all hours worked.  Separately, Plaintiff claims that Defendants failed to pay

Plaintiff for his shop and travel time.[1]  Plaintiff asserts that he is owed $7,325.34 for his overtime pay for the hours he worked in excess of 40 for more than one company in a single week and $54,133.72 for his shop and travel hours, plus liquidated damages for both.[2]

Defendants strongly disputed Plaintiff's claims.  In particular, Defendants assert that Plaintiff did not have to start his day at the company shop and could have travelled to the job site directly.  Plaintiff, according to Defendants, chose to come to the shop each morning to get a ride from Ronkonkoma to New York City or Nassau County. As part of discovery Defendants produced a statement purportedly signed by Plaintiff where he acknowledges that he went to the company shop for a ride and was not required to do so.  Defendants also dispute that Plaintiff is owed time-and-a-half for weeks he worked for multiple companies.

The parties litigated the case and attended a settlement conference before the Court.  The case did not settle and the parties proceeded with discovery and prepared for trial by submitting pretrial documents and attending multiple pretrial conferences. The parties continued settlement discussions during this time. A few days before trial, the parties reached a settlement in principle. Ultimately, the parties finalized the settlement in a Settlement Agreement (**Exhibit 1**). Under the Agreement, Plaintiff is to receive $35,000 over 4 months, which is broken down as follows: $21,798.53 to Plaintiff and $13,201.47 to Plaintiff's counsel, which is 33.3% of the settlement net of $2,302.20 in costs for the filing fee and deposition expenses plus the costs.  Defendants also agreed to sign a confession of judgment for 120% of the total should they breach and not timely cure.  In exchange, Plaintiff agrees to release his FLSA and NYLL claims against Defendants.[3] Plaintiff did not agree to a general release.  While there is a mutual nondisparagement clause with a carveout for truthful statements, there is no confidentiality in the agreement.

## II.     THE SETTLEMENT IS FAIR AND REASONABLE.

The Court should approve the settlement.  In determining whether to approve a settlement, courts often look at the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Guajardo v. Titan Constr. Servs. LLC, No. 19-CV-1551 (OTW), 2020 WL 1922642, at *2 (S.D.N.Y. Apr. 21, 2020).

---

[1] Plaintiff also asserted a claim for failure to provide wage notices and paystubs.  Judge Choudhury dismissed this claim for lack of standing in December 2024.  DE 39.
[2] Plaintiff may also be entitled to damages as a class member in Gonzalez v. Allied Concrete Industries, Inc. *et al.*, Case Number: 14-cv-4771 (LGD).  The parties in that case submitted a motion for preliminary approval on April 3, 2025.
[3] The release does not release any claims Plaintiff may have in the Gonzalez v. Allied Concrete Industries matter.

The settlement is reasonable under these factors. First, the settlement amount even after fees and costs constitutes approximately 35% of Plaintiff's best-case overtime damages under the FLSA and NYLL. Given the significant risks and burdens of this litigation, that amount is justified. Notably, Defendants have a plausible defense that Plaintiff did not have to go to the company shop each morning and were prepared to introduce exhibits and testimony, including a statement purportedly signed by Plaintiff, that established the voluntary nature of Plaintiff's arrival at the company shop. If a jury believed Defendants, Plaintiff's maximum overtime damages would be approximately $7,000. And Defendants also have argued that the corporate Defendants are separate entities and cannot be combined. This argument, if accepted by a jury, would lead to a jury verdict in Defendants' favor. Given all of these risks, Plaintiff benefits from receiving a large portion of his damages now without the risk of a trial and appeals and potentially waiting years to recover and taking the risk of recovering nothing at all. The settlement amount is therefore reasonable.

Further, the parties negotiated in good faith and at arms-length and settled right before trial. The settlement allows the parties to avoid all of the risks and expenses of litigation, which in this case would be extensive given that the parties were about to start trial. Finally, there is obviously no fraud or collusion involved here.

Notably, no extra factors support denying the settlement. In particular, the release is limited to wage-and-hour claims and the claims asserted in this lawsuit, and there is no confidentiality clause. While there is a mutual nondisparagement provision, it carves out truthful statements and is therefore acceptable. Cisneros v. Borenstein Caterers, Inc., No. 23-CV-1409(KAM)(VMS), 2024 WL 5243504, at *5 (E.D.N.Y. Dec. 30, 2024) (finding mutual nondisparagement provision acceptable because it had a carveout for truthful statements).

Finally, the attorneys' fees are reasonable. Under the agreement, my firm will receive $13,201.47 in attorneys' fees and costs, which represents 33.3% of the settlement after costs plus costs. The fees specifically are $10,899.27. Courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases. Carnero v. Bagel Mentch, Inc., No. 21CV0781FBJMW, 2022 WL 3448660, at *4 (E.D.N.Y. Apr. 12, 2022), report and recommendation adopted sub nom. Carnero v. Bagel Mentsch, Inc., No. 1:21-CV-0781-FB-JMW, 2022 WL 3446335 (E.D.N.Y. Aug. 17, 2022); Luna v. J.S. Held LLC, No. 2:21-CV-03072-JMW, 2023 WL 2214012, at *7 (E.D.N.Y. Feb. 24, 2023).

If the Court wishes to engage in a lodestar check, the lodestar is $22,165 (**Exhibit 2**). Plaintiff is therefore requesting a negative multiplier of .49. Because courts "regularly award lodestar multipliers from two to six times lodestar," the Court should approve the attorneys' fees. Arsenal v. Star Nissan, Inc., No. 23-CV-06631 (HG), 2024 WL 1513531, at *3 (E.D.N.Y. Apr. 8, 2024); Villegas v. Jorge's Rest. Corp., No. 23-CV-01492 (HG), 2024 WL 2033495, at *3 (E.D.N.Y. Apr. 24, 2024) (awarding a multiplier of 2.4).

I am requesting an hourly rate of $550. I am a partner at Fisher Taubenfeld LLP. I was admitted to the Bar of the State of New York in 2008 and since then have practiced labor and employment law, with a strong focus on wage-and-hour law. I have litigated as the primary attorney dozens of FLSA cases and have been designated class counsel in a FLSA case in this

District in <u>Gonzalez et al v. Allied Concrete Industries Inc. et al.</u>, EDNY Case No.: 2:14-cv-4771 (GRB)(SIL), where I recently won partial summary judgment in the hundreds of thousands of dollars for the class. I have also successfully won appeals in wage-and-hour matters before the Second Circuit and New York courts. <u>Catzin v. Thank You & Good Luck Corp.</u>, 899 F.3d 77 (2d Cir. 2018); <u>Hichez v. United Jewish Council of the E. Side</u>, 179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020). I am a member of the New York chapter of the National Employment Lawyers Association (NELA-NY) and have been invited to give CLEs on the FLSA. I have also been named a "Rising Star" by Super Lawyers. One Court in this District recently held that the "forum rates in the Eastern District [should] now be $450-$650 for partners." <u>Rubin v. HSBC Bank USA, NA</u>, No. 20-CV-4566, 2025 WL 248253, at *6 (E.D.N.Y. Jan. 21, 2025). I am therefore requesting the midpoint of $550.

   The hours expended are appropriate as well. I spent 40.3 hours on this case. The work performed in this case included drafting the complaint, attending a settlement conference, engaging in document discovery and depositions, and preparing for trial. Accordingly, the Court should approve Plaintiff's attorneys' fees.

   Finally, the costs are reasonable as well. Plaintiff's costs are only the $402 filing fee and $1,901.20 for deposition and interpreter costs. The Court should therefore award these costs.

   Thank you for your attention to the above.

                      Respectfully Submitted,
                      --------------------/s/----------------
                      Michael Taubenfeld

Encl.